Submitted on record and briefs September 23, affirmed October 28, reconsideration denied December 3, petition for review denied December 30, 1975, petition for writ of certiorari by U.S. Supreme Court April 19, 1976

REED, *Appellant—Cross-Respondent, v.* DEL CHEMICAL CORPORATION (No. 74 3291, CA 4342), *Respondent—Cross-Appellant.*

541 P2d 1296

John M. Reed, Eugene, filed the brief pro se, appellant—cross-respondent.

Thwing, Atherly & Butler and Richard W. Butler, Eugene, filed the briefs for respondent—cross-appellant.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Claimant filed this appeal in the Oregon Su-

preme Court. It is a workmen's compensation matter which had been decided·successively by a hearing referee, the Workmen's Compensation Board and the circuit court. The Oregon Supreme Court, over objections by claimant who has represented himself pro se throughout this most recent proceeding, transferred the matter to this court where the extensive record and opinions of the referee, Workmen's Compensation Board and circuit court have been reviewed. A prior appeal on the same claim at an earlier stage in the continuing litigation is reported as *Reed v. Del Chem. Corp.*, 16 Or App 366, 518 P2d 679, Sup Ct *review denied* (1974). That opinion is specifically referred to here because it sets forth some of the background for the present proceeding.

The defendant and its insurance carrier have cross-appealed. Claimant contends that the circuit court erred in finding his condition medically stationary, in not determining he is permanently and totally disabled, in not extending the temporary total disability date and not increasing the permanent partial disability award, in allowing an offset of $1,600 against permanent partial disability, in not ordering a purging from the record of a psychological evaluation of claimant and in not allowing claimant pro se attorney fees, that is, fees for his own legal efforts. The cross-appeal is based on contentions that the trial court erred in ruling that the employer incorrectly reduced claimant's temporary total disability by $15 per week after claimant's three children had been adopted by the new husband of his divorced wife, in assessing penalties because of such unilateral reduction, and in assessing penalties against the employer for use of sight drafts in paying compensation due. The circuit court order from which the appeal was taken provides:

"1. The order on review of the Workmen's Compensation Board dated June 10, 1974 and the Work-

men's Compensation Board's Order on Motion for Reconsideration dated June 18, 1974, is modified in the following particulars:

"a. Employer shall pay temporary total disability payments in the additional amount of $15.00 a week from June 26, 1972, during the period of temporary total disability heretofore determined and at its option may pay said additional sum to claimant or to the children or their custodian pursuant to ORS 656.258(1).

"b. Employer shall pay, as and for a penalty, 25 per cent of all additional $15.00 a week payments past due as provided in subparagraph 'a' above.

"c. Employer shall pay, as and for a penalty, 5 per cent for use of sight drafts between April 17, 1972 and January 12, 1973.

"d. Employer shall pay, as and for a penalty, 25 per cent for use of sight drafts from January 12, 1973 until May 8, 1973.[①]

"2. In all other particulars, the order of the Workmen's Compensation Board dated June 10, 1974, and its Order on Motion for Reconsideration, dated June 18, 1974, are in all other respects affirmed.

"3. The findings of fact and conclusions of law contained in this Court's Letter-Opinion dated November 21, 1974, which is marked Exhibit A and attached hereto and made a part hereof.

"4. It is further ordered and adjudged that claimant have judgment against e m p l o y e r for claimant's costs and disbursements incurred herein, hereinafter to be taxed."

---

[①] The order of the Workmen's Compensation Board affirmed the order of the referee which provided "that claimant be paid 15% of the amount of temporary total disability payments, paid to him in the form of sight drafts, from January 12, 1973 through May 8, 1973, as and for a penalty for unreasonable delay * * *."

The circuit court in a letter opinion (referred to in Paragraph 3 of the above order) carefully considered and evaluated the voluminous record. The letter opinion consists of seven pages, single-space typing. We have reviewed each of the determinations therein in light of the record that was made and we agree with the findings contained therein. We think the record sustains the view that the carrier (perhaps out of exasperation with claimant) went out of its way to cause claimant inconvenience in getting his payments. The opinion itself is necessarily lengthy, and in all except one respect deals largely with factual issues and does not appear to add anything to existing reported or codified law.[2] Therefore, there ap-

---

[2] This is with reference to the employer's carrier (after having conferred with the compliance administrator of the Workmen's Compensation Board) having unilaterally reduced claimant's payments from $75 to $60 per week from the time claimant's divorced wife's new husband adopted claimant's three children. The award of $75 per week to *claimant* was based, to the extent of $5 each, on the fact he had three children. Under the law in effect at time of injury, that was the measure of the award. ORS 656.210(1)(i) (1969). In Jackson v. SAIF, 7 Or App 109, 116, 490 P2d 507 (1971), we held, "* * * An employer cannot suspend benefits on his own motion, but he always has the right to request a hearing * * *."

The claimant submitted 13 issues for consideration by the hearing referee. Only three of them were considered by him to be within the scope of the hearing. On appeal to the Workmen's Compensation Board, it stated it had considered the 13 issues, and it affirmed the hearing referee. The circuit court, noting it was the fifth time the matter had been there, considered the 13 issues and made the modifications mentioned, besides ruling against claimant in various ways on the remainder of the 13 issues. The circuit court specifically found the hearing referee and Board had been correct in finding that the claimant's condition was medically stationary as of November 16, 1972 and the Board had correctly terminated temporary total disability payments and awarded permanent partial disability. These findings were unnecessary because they were beyond the scope of the present round of hearings, but they were probably desirable in that they spelled out the present state of the matter for claimant, and hopefully this will bring an end to unwarranted rehashing of matters already decided.

pears to be no good reason for copying it in the reports of our decisions. The order with reference to disability payments remains unchanged in the present round of appeals.

Affirmed.